# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **MICHAEL D. EZELL** | **CIVIL ACTION NO.  08-0052** |
| **VS.** | **SECTION P** |
| **JAMES D. "BUDDY" CALDWELL, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on December 14, 2007, by plaintiff Michael D. Ezell.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, and he complains that the defendants, former Sixth Judicial District Attorney James D. Caldwell, his assistant, James Paxton, and Sixth Judicial District Court Judge John D. Crigler, violated the terms of a plea agreement in December, 1999.  He prays for recognition and enforcement of the agreement.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*[1]

On December 13, 1999, petitioner pled guilty to armed robbery (La. R.S.14:64) in Louisiana's Sixth Judicial District Court, Tensas Parish.  He was sentenced to serve thirty-six years at hard labor without benefit of parole.  He did not appeal his conviction or sentence.

---

[1] The prior state court history was provided by the plaintiff in his petition and amended petition for writ of *habeas corpus* and exhibits filed in the matter entitled *Michael D. Ezell v. Burl Cain, Warden*, No. 3:03-cv-0219 at docs. 1 and 5.

Instead, on November 17, 2000, he filed an Application for Post-Conviction Relief in the Sixth Judicial District Court arguing claims of excessiveness of sentence.  On December 20, 2000, the District Court denied relief noting that the sentence imposed was in conformity with the plea agreement which called for the imposition of a thirty-six year sentence.  On January 5, 2001, plaintiff sought rehearing.  In the application for rehearing plaintiff conceded that the sentence was the result of a plea agreement; nevertheless, he argued that the sentence was excessive.

His application for rehearing was denied, and plaintiff sought review in Louisiana's Second Circuit Court of Appeal. On May 3, 2001, the Second Circuit denied writs noting that excessive sentence claims are not included in the exclusive grounds for post-conviction relief which are set forth in La. C.Cr.P. art. 930.3.

Sometime shortly thereafter, plaintiff filed a Motion to Correct an Illegal Sentence in the Sixth Judicial District Court.  He alleged that contrary to the court's previous findings, there had been no agreement for the imposition of a specific sentence.  The motion was denied on June 19, 2001.  Plaintiff's application for writs was denied by the Second Circuit Court of Appeals on August 23, 2001.  His application for writs to the Louisiana Supreme Court was denied on August 16, 2002. See *State ex rel. Michael D. Ezell v. State of Louisiana*, 2001-2763 (La. 8/16/2002), 822 So.2d 611, and his subsequent application for reconsideration was denied on November 15, 2002.  See *State ex rel. Michael D. Ezell v. State of Louisiana*, 2001-2763  (La. 11/15/2002), 829 So.2d 412.

On January 29, 2003, he filed a petition for writ of *habeas corpus* (28 U.S.C. §2254) in this court alleging claims of excessiveness of sentence, ineffective assistance of counsel, and involuntary guilty plea.  On November 13, 2003, United States Magistrate Judge James D. Kirk

recommended dismissal of the petition as time barred by the provisions of 28 U.S.C. §2244(d).[2] Notwithstanding plaintiff's timely objection, on January 26, 2004, United States District Judge Robert G. James ordered dismissal of the petition as time-barred. See *Michael D. Ezell v. Burl Cain, Warden*, No. 3:03-cv-0219 at doc. 9.  On February 13, 2004, Judge James denied plaintiff's request for a Certificate of Appealability (COA). [*Id.*, at doc. 12] On June 21, 2004, the United States Fifth Circuit Court of Appeals denied plaintiff's application for a COA. *Michael D. Ezell v. Burl Cain, Warden*, No. 04-30158. [See *Michael D. Ezell v. Burl Cain, Warden*, No. 3:03-cv-0219 at doc. 13]

Plaintiff filed the instant complaint in the United States District Court for the Middle District of Louisiana on December 14, 2007.  It was transferred to this court on January 10, 2008. Plaintiff claims, "On December 13, 1999, both parties came into an agreement by a contract of law.  Due to the facts of the agreement that was reached by both parties, the contract was breached and the agreement was never fulfilled by the named defendants in this matter... [The defendants] have failed to comply with the terms of the agreement in this contract to which results in a breach of the agreement and breach of contract by law." [doc. 1, paragraph IV] He requested the following relief, "I would like for the court to resolve this matter by making the named defendants uphold and fulfil the contract that was agreed upon in the contract." [*Id.*, paragraph V] In an attachment to the complaint plaintiff conceded that he agreed to a 36-year sentence. However, he maintains that the parties agreed that he would be housed at the Tensas

---

[2] Magistrate Judge Kirk noted that petitioner's judgment of conviction became final by the conclusion of time for seeking review on December 20, 1999 when the delays for seeking an appeal under Louisiana law lapsed. Thereafter, a period of ten months, twenty-seven days elapsed before petitioner's Application for Post-Conviction Relief tolled the limitations period. Magistrate Judge Kirk then noted that tolling ceased on November 15, 2002 when the Louisiana Supreme Court denied writs and reconsideration and a period of two months and fourteen days elapsed before plaintiff filed his federal habeas petition on January 29, 2003. Magistrate Judge Kirk then concluded that a period well in excess of one-year had elapsed un-tolled between the date plaintiff's conviction became final and the date he filed his federal petition. See *Michael D. Ezell v. Burl Cain, Warden*, No. 3:03-cv-0219 at doc. 6.

Parish Detention Center and he "... was only housed at the Tensas Parish Detention Center for a short period of time..."[3] (Plaintiff also maintains that the agreement provided that his brother Leroy Ezell would receive a five year sentence.  Further, plaintiff implies that the agreement was silent as to the effects of Louisiana's "good time" law.[4]  Plaintiff, however, does not suggest that the plea agreement with respect to his brother and his eligibility for "good time" was breached.) [*Id*., page 6]

### *Law and Analysis*

### *1. Frivolity Review*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,  malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the

---

[3] According to the records of the Department of Public Safety and Corrections, plaintiff was transferred to his present place of confinement, the Louisiana State Penitentiary, on June 12, 2000. See Offender Information, Inmate Locator Requests at  http://www.corrections.state.la.us/Offender%20Information/Offender_info.htm

[4] Plaintiff implies that the plea agreement was silent with respect to whether or not he would be required to serve 80% of his sentence or otherwise be eligible for further diminution of sentence under Louisiana's "good-time" law, La. R.S.15:571.3(B)(2)(a).

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Plaintiff has set forth specific facts which he claims entitles him

5

to a specific form of relief. He need not be afforded an opportunity to amend his complaint.

### 2. Claim for Relief

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).[5]  The deprivation must be intentional, as

negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789

F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v.*

*Williams*, 474 U.S. 327 (1986)).

Plaintiff has neither alleged, nor even implied, the violation of a right secured by the

Constitution of the United States. Further, he has not alleged nor shown that the defendants –

District Attorney Caldwell, Assistant District Attorney Paxton, or Judge Crigler –  were

responsible for his transfer from Tensas Parish Detention Center and the breach of the agreement.

Thus, it appears that plaintiff has failed to state a claim for which relief might be granted.

### 3. Limitations

Nevertheless, even if plaintiff were permitted to amend his complaint to show a violation

of the Constitution and laws of the United States and fault on the part of the named defendants,

his claim would still be subject to dismissal as frivolous.

District courts are authorized to dismiss  complaints as frivolous when "it is clear from

the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the

---

[5] Section 1983 provides in part, "Every person, who, under color of any statute, ordinance, regulation,
custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the
deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).

The date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's breach of plea agreement claim arose on June 12, 2000, the date that he was transferred to the Louisiana State Penitentiary, for clearly on that date he had knowledge of the facts supporting his claim. The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff thus had one year, or until June 12, 2001, to file his complaint based on the alleged breach of the plea agreement. As shown above, plaintiff did not file suit until December 2007, more than 6 years after the limitations period had expired. Plaintiff's claims are prescribed and should be dismissed.

Therefore,

7

**IT IS RECOMMENDED**  that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(B)(i) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers at Monroe, Louisiana, April 1, 2008.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8